**JUDGE PRESKA**

08 CV 6264

Carl J. Mayer (CM-6589)
66 Witherspoon Street – Suite 414
Princeton, New Jersey 08542
609-921-0253

Bruce I. Afran (BA-8583)
10 Braeburn Drive
Princeton, New Jersey 08540
609-924-2075

Attorneys for Plaintiffs

UNITED STATES DISTRCT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REV. JOE McMURRAY; REV CHARLENE MANN;
DR. MICHAEL REUSCH; DR. TRUDY BOND;
PROF. ROBERT NEWBY;
SERGE POPPER; THOMAS S. DWYER;
JAMES VAN ALSTINE; MICHELE ROSEN;
THEODORE JONATHAN MORRIS; SHARON
ANN MORRIS; HARRIS SONDAK,
MERRILYN ROME; BRAD MARSTON;
GREG L. SMITH; MICHAEL BROOKS;
MICHAEL S. ROTHMEL;
ILENE PRUETT; ANTHONY BARTELEMY
LINDA GETTIER; STEPHANIE MEKET;
THOMAS MICHAEL FAIN;  BARBARA LANGER;
PAM HADDON; VERN HADDON;
DONALD HERRON; RAY ANDERSON, COLLIN BABER;
MARK BAKER; JOHN BARRETT; WILLIAM BETZ;
FRAN BLAMER; SHANE AND KRISTEN BRINK;
MICHAEL BROOKS;
PAUL BRUNEY; PETER CATIZONE; STEVE
CHRISTIANSON; JOHN CLARK; KINGSLEY CLARK;
THOMAS M. CLEAVER; PETER B. COLLINS; KRIS AND
MARK COSTA; JULIE DAVIS; SHARON L. DAVIS;
DIANE GAVLINSKI; TONI DiDONA, THERESA R. DUFFY;
SHAWN FITZGIBBONS; JOHN FITZPATRICK;
JENNIFER FLORIO; MARGARET FRANKLIN; DAWN
FURLER; C. GARIFO; JOSEPH GEHRING; JANE AND
MARK GENTILE-YOUD; LINDA J. AND G. LAWRENCE
GETTIER; JIT GILL; MIKE GILMORE; JAYSON GLEASON;
MARC GOLDSTONE; TODD GRAFF; JANET GRANJA;
SUSAN GROSSMAN; STEPHANIE GUSTAVE AND
KEVIN SHAWLER; DON AND DONNA HAWKINGS;
JOSE V. HEINERT; LAMAR HENDERSON; CAROLYN R.
AND DOUGLAS S. HENSLEY; JENNIFER HONTZ;

JOYCE JACKSON; ANDREW JAFFE, RANDEL JAMES;
MICHAEL JOHNSON; DIANE JULIANO; FAY KAISER,
RAJENDRAM KRISHNAN; MICHAEL LAVO; FRED LEAK;
KEN LEHA; BEN LINDSEY; LISA LOCKWOOD,
NANCY K. LOREY AND GERARD P. CLERKIN;
MICHAEL T. LYDA; ELEANOR M. LYNN ESQ.;
TERRY MANCOUR; JON PAUL McCLELLAN;
ALICIA McCOLLUM; JAMES McGRATTAN;
CLYDE MICHAEL MORGAN; MS. LODGE; SHERI A. MUELLER;
FRAN NOBILE; CHRIS VON OBENAUER; DAEDRIA
FARMER-PAELLMAN; DAN PATTON; RAY PENA;
CONSTANCE PHILLIPS; MARK PLANTE; JEREMY PUHLMAN;
MARTIN RAZO; DANIEL REIMANN; MARK RICHARDS;
LINDA RITHKIS; WILLIAM ROBINETTE; FRED AND
DARLENE ROGERS; KATHLEEN ROGERS; WILLIAM J.
ROMANSKY; BRONSON ROSIER; JOSH SEEFRIED;
ANNA F. SHALLENBERGER; ROYCE SHEPARD;
ROBERT SIDEN; GREGORY L. SMITH; CHRISTIAN
STALBERG; MICHAEL L. STEPHAN; ROBERT STEWART;
DONNA A. STONE; PAUL AND REGINA SUNDBERG;
WILLIAM R. SWEENEY, JR.; DAVID TAYLOR; APRIL
TIPE; ALLEN T. TRADER III; BARRY W. TRIBBLE;
FRED TRINKOFF; THOMAS VILAR; VICKIE VOTAW;
LEON DWIGHT WALLACE; ACHIENG WARAMBO
AND ULRICH GEISTER; DAVID AND BETH WHITE; JANE WINSTON;
KEVIN WRIGHT; JOEL AINGER; CAROL COSE; DEBORAH
DOUGHERTY; JAMES FLYNN; IRENE KING; PAUL KRAFT;
GINA DE MIRANDA; CATALINA R. THOMPSON;
MARY LEAH WEISS; ELIZABETH T. ARNONE;
ELEANOR LYNN: JAY H. ROWELL; DANIEL REIMANN;
VIVIAN PHILLIPS; JEFFREY G. MARSOCCI; BRIDGET
IRVING; JAMES HALL, JOHN McINTYRE;
AMIDAX TRADING GROUP,

        Plaintiffs,                      INDEX NO.:

        v.

VERIZON COMMUNICATIONS INC.;
CELLCO PARTNERSHIP; Complaint
BELLSOUTH CORPORATION;
AT&T CORPORATION; AT&T INC.;
GEORGE W. BUSH, individually in
his executive capacity and as representative        Complaint
of the UNITED STATES OF AMERICA;
and NATIONAL SECURITY AGENCY,

        Defendants.                     Jury Demand
-------------------------------------------------

Plaintiffs, by their counsel CARL J. MAYER and BRUCE I. AFRAN, individually and on behalf of all others similarly situated, as and for their Amended Complaint against defendants assert as follows:

## THE PLAINTIFFS

1. . Plaintiff The Rev. Joe McMurray is a subscriber of Verizon since October 2002 and residing at Trinity Methodist Community Church, 11604 SW Archer Road, Gainesville, Florida. Plaintiff The Rev. Charlene Mann is a subscriber of Verizon Communications Inc. (Verizon) and has been during the relevant time period and residing at 32 Oak Hill Lane, Fitchburg, Massachusetts. Plaintiff Dr. Michael F. Reusch is a subscriber of Verizon since 1996 and residing at Windsor Drive, Princeton Junction, New Jersey. Plaintiff Dr. Trudy Bond is a subscriber of Verizon and has been during the relevant time period and residing at 3131 Executive Parkway, Suite 104, Toledo, Ohio. Plaintiff Prof. Robert Newby is a subscriber of Verizon and has been during the relevant time period and residing in Mount Pleasant, Michigan. Plaintiff Eleanor M. Lynn, Esq. is a subscriber of Verizon since Janary 2000 and residing at 18-2 America Way, Salem, Massachusetts. Plaintiff Stephanie Meket is a subscriber of Verizon and has been during the relevant time period and residing at Riverdale, New York. Plaintiff Thomas S. Dwyer is a subscriber of Verizon and resides at 1603 Cumberland Street, Pittsburgh, Pennsylvania. Plaintiff James Van Alstine is a subscriber of Verizon and has been during the relevant time period and residing in New York. Plaintiff Michele Rosen is a subscriber of Verizon and has been during the relevant time period and residing in Delaware. Plaintiff Harris Sondak is a subscriber of Verizon and has been during the relevant time period and residing at 738 6th Avenue, Salt Lake City, Utah. Plaintiff

Merrilyn Romen is a subscriber of Verizon and has been during the relevant time period and residing at 23901 Civic Center Way, No. 349, Malibu, California. Plaintiff Brad Marston is a subscriber of Verizon and has been during the relevant time period and residing at 9 Hidden Street, Rhode Island. Plaintiffs Theodore Jonathan Morris and Sharon Ann Morris are Verizon subscribers and have been during the relevant time period and residing at 225 Northeast Ernst Street, Oak Harbor, Washington. Plaintiff Serge Popper is a Verizon subscriber since 1996 and residing in Goode, Virginia. Plaintiff Greg L. Smith is a Verizon subscriber and has been during the relevant time period and residing at 79 Jug Hill Road, Milton Mills, New Hampshire. Plaintiff Michael Brooks is a Verizon subscriber and has been during the relevant time period and residing at 3310 U.S. Veterans Hospital Road, Portland, Oregon. Plaintiff Michael S. Rothmel is a Verizon subscriber and has been during the relevant time period and residing in Mount Holly, New Jersey. Plaintiff Ray Anderson is a Verizon subscriber since May 2002 and residing at University of California, Department of Earth System Science, Croul Hall, Irvine, California. Plaintiff John Barrett is a Verizon subscriber since 1995 and residing at 26 West Drive, Brick, New Jersey. Plaintiff Michael Brooks is a Verizon subscriber since 2002 and residing at 1601 16th Street, Oregon City, Oregon. Plaintive Peter Catizone is a Verizon subscriber since 2001 and residing at 48 Pinckney Street, Somerville, Massachusetts. Plaintiff Sharon L. Davis is a subscriber of Verizon and has been during the relevant time period and residing at 6845 South Webster Street, Unit G, Littleton, Colorado. Plaintiff Plaintiff Diane Gavlinski is a subscriber of Verizon since 1991 and residing at 6419 Woodland Lane, New Port Richie, Florida. Plaintiff Toni DiDona is a subscriber of Verizon has has been during the relevant time period and

residing at 2173 North West 99th Avenue, Miami, Florida. Plaintiff Theresa R. Duffy is a subscriber of Verizon since 1993 and residing at 38 Washington Street, Phillipsburg, New Jersey. Plaintiff Sarah Folio is a subscriber of Verizon and has been during the relevant time period and residing at 13868 Garrett Highway, Oakland, Maryland. Plaintiff Margaret Franklin is a subscriber of Verizon and has been during the relevant time period and residing at 16 King James Court, Scotch Plains, New Jersey. Plaintiff Jit Gill is a subscriber of Verizon and has been during the relevant time period and residing at 312D Saint Thomas Drive, Newport News, Virginia. Plaintiff Todd Graff is a subscriber of Verizon since 2000 and residing at 1369 Arch Street, Emmaus, Pennsylvania. Plaintiff Susan Grossman is a subscriber of Verizon since 2000 and residing at 6050 Boulevard East, Apartment 6E, West New York, New Jersey. Plaintiffs Don and Donna Hawkings are subscribers of Verizon since 2003 and residing at 5845 Apt. F, Century Oaks Drive, Fayetteville, North Carolina. Plaintiffs Stephanie Gustave and Kevin Shawler are subscribers to Verizon since June 2003 and residing at 6321 Karl Road, Columbus, Ohio. Plaintiff Joyce Jackson is a Verizon subscriber since 2004 and residing at 3501 Brittany Cove North West, Kennesaw, Georgia. Plaintiff Eleanor M. Lynn, Esq. is a Verizon subscriber and has been during the relevant time period and residing at 18-2 America Way, Salem, Massachusetts. Plaintiff Terry Mancour is a subscriber of Verizon and has been during the relevant time period and residing at 5004 Autumn Drive, Durham, North Carolina. Plaintiff Alicia McCollum is a subscriber of Verizon and has been during the relevant time period and residing at 16670 98th Road, Hoyt, Kansas. Plaintiff Chris von Obenauer is a subscriber of Verizon and has been during the relevant time period and residing at 633 Third Street North, Apt. 2, St.

Petersburg, Florida. Plaintiff Dan Patton is a subscriber of Verizon since 1999 and residing at 1301 20th St. NW, Unit 101, Washington, DC. Plaintiff Serge Popper is a subscriber of Verizon since 1996 and residing at PO Box 67, Goode, Virginia. Plaintiff Martin Razo is a subscriber of Verizon since 2001 and residing at 417 Kendall Boulevard, Oaklyn, New Jersey. Plaintiff Mark Richards is a subscriber of Verizon and has been during the relevant time period and residing at 29 Juniper Road, Littleton, Massachusetts. Plaintiffs Fred and Darlene Rogers are subscribers of Verizon since 1989 and residing at 2264 Holly Springs Road, Rockmart, Georgia. Plaintiff William J. Romansky is a subscriber of Verizon and has been during the relevant time and residing at 55 South Hook Road, Pennsville, New Jersey. Plaintiff Gregory L. Smith is a subscriber of Verizon and has been during the relevant time period and residing at 79 Jug Hill Road, Milton Mills, New Hampshire. Plaintiffs Paul and Regina Sundberg are subscribers of Verizon and have been during the relevant time period and residing at 224 Dowler Drive, South Bloomfield, Ohio. Plaintiff Barry W. Tribble is a subscriber of Verizon and has been during the relevant time period and residing at 7825 Buck Creek Road, Marion, North Carolina. Plaintiff Fred Trinkoff is a subscriber of Verizon and has been during the relevant time period and residing at 32 Royal Crest Drive, Apt. 5, Marlborough, Massachusetts. Plaintiff Vickie Votaw is a subscriber of Verizon since 2003 and residing at 655 Thomas Road, Madison Heights, Virginia. Plaintiff Leon Dwight Wallace is a subscriber of Verizon residing at 1226 Franklin Street #2, Santa Monica, California. Plaintiffs Achieng Warambo and Ulrich Geister are subscribers of Verizon and have been during the relevant time period and residing at 1214 Arlington Avenue, Teaneck, New Jersey. Plaintiff Beth White is a subscriber of Verizon and has

been during the relevant time period and residing at 115 South Rutan Number 4-I, Wichita, Kansas. Plaintiff Justin Wiley is a subscriber of Verizon and has been during the relevant time period and residing at 410-B Market Street, Santa Cruz, California. Plaintiff Kevin Wright is a subscriber of Verizon residing at 11156 Acama Street Number 103, Studio City, California. Plaintiff Simon Champagne is a subscriber of Verizon and has been during the relevant time period and residing at 2548 Morning Glory Place, Lawrenceville, Georgia. Plaintiff James Flynn is a subscriber of Verizon and has been during the relevant time period and residing at 701 Maple Avenue, Apt 307, LaPorte, Indiana. Plaintiff Elizabeth T. Arnone is a subscriber of Verizon since 2000 and residing at 7 Jetty Ct., Brick, New Jersey. Upon information and belief, plaintiff Jay H. Rowell is a subscriber of Verizon since August 2005 and residing at 711 W. Montrose #3, Chicago, Illinois. Upon information and belief, plaintiff Daniel Reimann is a subscriber of Verizon and residing at Apt. 1409 Briny Avenue, Pompano Beach, Florida. Upon information and belief, plaintiff Vivian Phillips is a subscriber of Verizon and residing at 717 Carl Drive, Chapel Hill, North Carolina. Plaintiff Jeffrey G. Marsocci is a subscriber of Verizon and residing at 8406 Six Forks Road, Suite 102, Raleigh, North Carolina.

2. Plaintiff Rev. Joe McMurray is a subscriber to BellSouth Corporation (BellSouth) since August 2005 and residing at Trinity Methodist Community Church, 11604 SW Archer Rd., Gainesville, Florida. Plaintiff Ilene Pruett, is a subscriber of BellSouth and Verizon, and has been during the relevant time period and residing at 830 W. 54th Street, Anniston, Alabama,. Plaintiff Thomas Michael Fain is a subscriber of BellSouth and has been during the relevant time period and residing at 2412 Wertherson Lane, Raleigh,

North Carolina. Plaintiff John Fitzpatrick is a subscriber of BellSouth since May 1989 and residing at PO Box 1171 Boynton Beach, Florida. Plaintiff Linda Gettier is a subscriber of BellSouth and has been during the relevant time period and residing in Raleigh, North Carolina. Plaintiff Anthony Barthelemy is a subscriber of BellSouth and has been during the relevant time period and residing at 2359 Southwest 23d Street, Miami, Florida.. Plaintiff Jane Winston is a subscriber of BellSouth since 1999 and residing at 1845 SW 18th Street, Miami, Florida. Plaintiff John Clark is a subscriber of BellSouth and has been during the relevant period and residing at 87100 Branch Drive, Yulee, Florida. Plaintiffs Jane and Mark Youd are subscribers of BellSouth since 1977 and residing at 3 Magnolia Drive North, Ormond Beach, Florida. Plaintiffs Linda J. and G. Lawrence Gettier are subscribers of BellSouth and have been during the relevant time period and residing at 3317 Horseshoe Bend, Raleigh, North Carolina. Plaintiffs Carolyn R. and Douglas S. Hensley are subscribers of BellSouth since 1992 and residing at 4609 Woodridge Drive, Raleigh, North Carolina. Plaintiff Peter Hollings is a subscriber of BellSouth and has been during the relevant time period and residing at 122 Tuxedo Terrace NW, Atlanta, Georgia. Plaintiff Lisa Lockwood is a subscriber to BellSouth since 2005 and residing at 2220 Constitution Court, Roswell, Georgia. Plaintiff Clyde Michael Morgan is a subscriber of BellSouth and has been during the relevant time period and residing at PO Box 274, Swannanoa, North Carolina. Plaintiff Simon Champagne is a subscriber to BellSouth and has been during the relevant time period and residing at 2548 Morning Glory Place, Lawrenceville, Georgia. Plaintiffs Fred and Darlene Rogers are subscribers to BellSouth since February 2005 and residing at 2264 Holly Springs Road, Rockmart, Georgia. James Hall is a subscriber of Verizon (?) and

residing at 3069 Holmesville Road, Magnolia, Michigan (?). Plaintiff John McIntyre is a subscriber of Bell South and residing at 5012 Fernwood Road, Magnolia, Michigan (?).

3. Plaintiff Reverend Joe McMurray is a subscriber to AT&T Inc. (AT&T) and has been during the relevant time period and residing at Trinity Methodist Community Church, 11604 SW Archer Rd., Gainesville, Florida. Plaintiff Dr. Trudy Bond is a subscriber of AT&T and has been during the relevant time period and residing at 3131 Executive Pkwy., Suite 104, Toledo, Ohio. Plaintiff Eleanor M. Lynn, Esq. is a subscriber of AT&T since 2005 and residing at 18-2 America Way, Salem, Massachusetts. Plaintiff Barbara Langer is a subscriber of AT&T and has been during the relevant time period and residing in Evanston, Illinois. Plaintiffs Pam and Vern Haddon are subscribers of AT&T and have been during the relevant time period and residing 2444 S. Peoria Avenue, Tulsa, Oklahoma. Plaintiff Donald Herron is an AT&T subscriber and has been during the relevant time period. Plaintiff Kingsley Clark is a subscriber of AT&T since October 2003 and residing at 6730 South Shore Drive, Chicago, Illinois. Plaintiff Thomas M. Cleaver is a subscriber of AT&T since 1999 and residing at 6733 South Shore Drive, Chicago, Illinois. Plaintiff Peter B. Collins is a subscriber of AT&T since January 2002 and residing at Collins Media Services, 503 D Street #5, San Rafael, California. Plaintiff Sharon L. Davis is a subscriber of AT&T since 2001 and residing 6845 S. Webster Street, Unit G., Littleton, Colorado. Plaintiff Margaret Franklin is a subscriber of AT&T and has been during the relevant time period and residing at 16 King James Court, Scotch Plains, New Jersey. Plaintiff Dawn Furler is a subscriber of AT&T and has been during the relevant time period and residing at 902

Elwell Avenue, Greensboro, North Carolina. Plaintiffs Linda J. and G. Lawrence Gettier are subscribers of AT&T and have been during the relevant time period and residing at 3317 Horseshoe Bend, Raleigh, North Carolina. Plaintiff Marc Goldstone is a subscriber to AT&T since 1978 and residing at 4090 Yucca Street, Bullhead City, Arizona. Plaintiff Susan Grossman is a subscriber of AT&T since 2000 and residing at 6050 Boulevard East, Apt. 6E, West New York, New Jersey. Plaintiffs Carolyn R. and Douglas S. Hensley are subscribers of AT&T since 1992 and residing at 4609 Woodridge Drive, Raleigh, North Carolina. Plaintiff Scott Livesay is a subscriber of AT&T and has been during the relevant time period and residing at 2038 North Hoover St. #3, Los Angeles, California. Plaintiffs Nancy K. Lorey and Gerard P. Clerkin are subscribers of AT&T and have been during the relevant time period and residing at 4629 Payne Koehler Road, New Albany, Indiana. Plaintiff Fran Nobile is a subscriber off AT&T since November, 1992 and residing at 1049 Stillwater Road, Newton, New Jersey. Plaintiff Jeremy Puhlman is a subscriber of AT&T since 2000 and residing at 1908 Sylvan Avenue, Modesto, California. Plaintiff Kathleen Rogers is a subscriber of AT&Tsince 2001 and residing at 443 South San Pedro Street #307, Los Angeles, California. Plaintiff Anna F. Shallenberger is a subscriber of AT&T since 2002 and residing at 7554 Cornel Avenue, University City, Missouri. Plaintiff Robert Stewart is a subscriber of AT&T since 1999 and residing at 16606 Torry View Terrace, Houston, Texas. Plaintiff Allen T. Trader III is a subscriber of AT&T and has been during the relevant time period and residing at 3987 Brushy Ridge Way, Suwanee, Georgia. Plaintiff Beth White is a subscriber of AT&T and has been during the relevant time period and residing at 115 South Rutan No. 4-I, Wichita, Kansas. Plaintiff Fran Nobile is a subscriber of AT&T and has been during

7. Venue is properly within the Southern District of New York in that certain plaintiffs reside within this jurisdiction and all plaintiffs commenced their original action in this Court that has been made subject to the challenged statute.

## FACTUAL BACKGROUND

8. The Protect America Act (the "Act"), P.L. _____, \_\_\_STAT. \_\_\_ (2008), has passed into law.

9. Two years prior to the signing of this law, plaintiffs had filed actions seeking damages and injunctive relief against the United States, Verizon, ATT and BellSouth (since merged with ATT) for illegal disclosure of telephone subscriber conversations, information and records to the United States in violation of the Electronic Communications Privacy Act (ECPA) and the Stored Communications Act (the "Pending Actions"). The Pending Actions alleged that the United States requested and received such information from the telecommunications carriers without warrant or subpoena or other statutory authorization in direct violation of the ECPA and the Stored Communications Act that prohibit the disclosure of such information to any government agency in the absence of a warrant or subpoena ( or certain other limited statutory conditions).

10. Plaintiff AMIDAX TRADING GROUP has commenced an action and has ripened claims in this Court against SWIFT that would be purportedly dismissed by the ACT.

11. The Act, as signed into law by the President on or about July 9, 2008, purports to mandate dismissal of all such pending actions.

12. Section 802(a) of the Act requires dismissal of the Pending Actions, as follows:

"Notwithstanding any other provision of law, a civil action may not lie or be maintained in a Federal or State court against any person for providing assistance to any element of the intelligence community, and shall be promptly dismissed if the Attorney General certifies to the District Court of the United States in which such action is pending that —

\* \* \*

(4) in the case of a covered civil action, the assistance alleged to have been provided by the electronic communication service provider was —

    (A) in connection with an intelligence activity involving communications that was —

        (i)    authorized by the President during the period beginning on September 11, 2001, and ending on January 17, 2007; and

        (ii)    designed to detect or prevent a terrorist attack, or activities in preparation for a terrorist attack, against the United States; and

    (B) the subject of a written request or directive, or a series of written requests or directives, from the Attorney General or the head of an element of the intelligence community (or the deputy of such person) to the electronic communication service provider indicating that the activity was —

        (i)    authorized by the President; and

        **(ii)**    determined to be lawful;

13. By this language the Act purports to *legislatively* mandate dismissal by any court of all actions pending against telecommunication providers under any federal laws including, without limitation, the ECPA and the Stored Communications Act, that provide for civil remedies for disclosure without warrant or subpoena of subscriber conversations, telephone records or other subscriber information, upon presentation of a certification by the Attorney General that the alleged activity was:

1) "authorized by the President during the period beginning on September 11, 2001, and ending on January 17, 2007; and

2) "designed to detect or prevent a terrorist attack, or activities in preparation for a terrorist attack, against the United States"

and that the communications providers had received a "a written request or directive, or a series of written requests or directives" from the Attorney General or the "head of an element of the intelligence community stating that the requested assistance was "authorized by the president" and had been "determined to be lawful". *Id.*

14. The Act would force dismissal of the Pending Actions by *legislative* action.

15. The Act prohibits the courts from adjudicating the Pending Actions filed under existing federal statutes that were in force and effect as of the time of the violations.

16. The Act makes no provision for compensating plaintiffs who had, at the time of the passage into law of the Act, already commenced actions or possessed existing ripened claims for damages incurred by telecommunications providers in violation of the ECPA, the Stored Communications Act and other relevant statutes.

17. As to plaintiff Amdex Trading, the statute would purport to legislatively dismiss actions and claims pending and/or ripened under the Right to Financial Privacy Act

without compensation and in violation of due process and other constitutional considerations set forth below.

## COUNT I
## (TAKINGS CLAUSE CLAIMS)

18. All information set forth above is repeated below.

19. Plaintiffs' right to recover under the ECPA, the Stored Communications Act and the Right to Financial Privacy Act, as expressed through the Pending Actions, are property rights protected by Amendment V to the Constitution.

20. By mandating dismissal of the Pending Actions, the Act immunizes the telecommunications carriers for such prior damages without compensation to plaintiffs and without adjudication of their claims, a taking of property of property in violation of the due process provisions of Amendment V of the Constitution.

21. Accordingly, section 802(a), et seq. of the Act is unconstitutional in that it violates and is contrary to Amendment V of the Constitution that prohibits the taking of property without due process and without compensation.

## COUNT TWO
## (SEPARATION OF POWERS – ARTICLE III)

22. All information set forth above is repeated below.

23. The Act mandates *legislative* dismissal of plaintiffs' claims pending in the several United States District Courts without adjudication by a court organized and appointed under Article III of the Constitution.

24. Each of said pending claims gave rise to a case and controversy that had ripened and was commenced in the form of the Pending Actions by plaintiffs prior to the Act's passage into law.

25. Each of the Pending Actions was filed in a court of the United States organized under Article III of the Constitution.

26. Pursuant to Article III, Section 1, "The judicial power of the United States, shall be vested in one supreme court, *and in such inferior courts as the Congress may from time to time ordain and establish.*"

27. By virtue of the Judiciary Act of 1789, the United States District Courts in which said actions are pending are "inferior courts" established by Congress in which the "judicial power of the United States, shall be vested…".

28. Article III, Section 2 provides, *inter alia,* that " The judicial power shall extend to *all* Cases, in Law or Equity, arising under this Constitution, the Laws of the United States…".

29. The Constitution separates the judicial from the legislative and executive powers.

30. The Pending Actions are cases and controversies to be adjudicated by the Judicial Power of the United States under Article III.

31. Neither Congress nor the Executive have constitutional authority to adjudicate cases and controversies pending before the courts of the United States or to mandate dismissal of such cases.

32. Actions before duly ordained and established courts of the United States are cases and controversies under Article III, to be adjudicated by "the judicial power of the United States", not by legislative or executive act or decree.

33. Section 802(a) has the purpose and/or effect of legislatively adjudicating the Pending Actions.

34. Section 802(a) also has the effect and intent of enabling the Executive to determine the legality of its own actions in a manner that would bind the judicial power in violation of the judicial function under Article III.

35. Accordingly, the Act is unconstitutional in that it purports to adjudicate cases and controversies pending before a court of the United States within the judicial power under Article III of the Constitution.

## COUNT THREE
## (DUE PROCESS – AMENDMENT V)

36. All information set forth above is repeated below.

37. The Act mandates dismissal of the Pending Actions by the interposition of defenses that did not exist in law as of the time of commencement of the actions.

38. Such defenses have been interposed for the express purpose of providing grounds of dismissal in favor of defendants that did not exist at the time of the occurrence of the defendants' acts and which would not exist in law but for the interposition of the legislative action.

39. Accordingly, by interposing defenses that did not exist at the time of the underlying acts of the defendants and that did not exist in law at the time of commencement of the actions, the Act violates the due process provisions of Amendment Five of the Constitution.

WHEREFORE, plaintiffs seek relief and damages as follows;

1. On the first cause of action, judgment that the above-cited provisions of the Act are unconstitutional pursuant to Amendment V of the Constitution as takings and declaring said provisions to be void and enjoining the United States from enforcing said provisions of the Act.;

2. On the second cause of action judgment that the above-cited provisions of the Act comprise an unconstitutional adjudication of cases and controversies pending before the courts of the United States that are within the judicial power under Article III of the Constitution and declaring said provisions to be void and enjoining the United States from enforcing said provisions of the Act;

3. On the third cause of action, judgment that the above-cited provisions of the Act violate substantive due process under Amendment V of the Constitution by the retroactive interposition of defenses by legislation and declaring said provisions to be void and enjoining the United States from enforcing said provisions of the Act;

4. On all causes of action, reasonable attorneys fees and costs of suit.

Respectfully submitted,

*/s/ Bruce I. Afran*

Bruce I. Afran (BA-8583)
10 Braeburn Drive
Princeton, New Jersey 08540
609-924-2075

Carl J. Mayer (CM-6589)
**Mayer Law Group LLC**
66 Witherspoon Street – Suite 414
Princeton, New Jersey 08542
609-921-0253

Steven E. Schwarz, Esq.
The Law Offices of Steven E. Schwarz, Esq.
2461 W. Foster Ave., #1W
Chicago, IL 60625
773-837-6134

Attorneys for Plaintiffs